Bruce G. Chapman (SBN 164258)
bruce@orbitip.com
Marc A. Karish (SBN 205440)
mkarish@orbitip.com
ORBIT IP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Telephone: (310) 887-1333
Facsimile: (310) 887-1334

Attorneys for Plaintiff
Gale Banks Engineering

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE BANKS ENGINEERING, <br><br> Plaintiff, <br><br> v. <br><br> S&B FILTERS, INC., <br><br> Defendant. | Case No. 5:26-cv-4542 <br><br> **COMPLAINT FOR:** <br><br> **(1) PATENT INFRINGEMENT (35 U.S.C. §271); and** <br><br> **(2) FALSE ADVERTISING AND UNFAIR COMPETITION (15 U.S.C. § 1125(a)).** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT

## INTRODUCTION

1. Plaintiff Gale Banks Engineering ("Banks") brings this action against Defendant S&B Filters, Inc. ("S&B") for patent infringement under 35 U.S.C. § 271 and for false advertising and unfair competition under 15 U.S.C. § 1125(a).

## PARTIES

2. Banks is a corporation organized and existing under the laws of the State of California having a principal place of business at 546 S. Duggan Avenue, Azusa, CA 91702.

3. S&B is a corporation organized and existing under the laws of the State of California having a principal place of business at 15461 Slover Avenue, Fontana, CA 92337.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims alleging violation of 35 U.S.C. § 271 and 15 U.S.C. § 1125(a) under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over S&B because it resides in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) (patent infringement venue) and 28 U.S.C. § 1391(b) (general venue), because S&B resides in this District.

## FACTUAL BACKGROUND

7. Banks designs, engineers, and builds high-performance parts for the automobile aftermarket. Banks develops technology and components for both gasoline and diesel-powered vehicles but is best known for advancing development of high-performance diesel engines.

8. S&B also sells parts for the automobile aftermarket. Many of S&B's products are, on information and belief, based on products developed by Banks, and those products are sold in competition with Banks.

9.      For example, Banks sells a Monster-Ram® intake elbow for the 2019-2024 RAM 2500/3500 truck with a 6.7 liter Cummins diesel engine.  S&B offers to sell and, on information and belief, sells an intake elbow for the 2019-2024 RAM 2500/3500 truck with a 6.7 liter Cummins engine that is, on information and belief, a copy of the Banks intake.  Images of the Banks and S&B products are shown below.

**Banks**                                             **S&B**

  

### Patent Infringement

10.      Banks is the owner by assignment of U.S. Patent No. D1,139,867 (the "'867 patent"), duly issued by the U.S. Patent and Trademark Office on August 4, 2026, relating to the Monster-Ram® intake elbow.  A true and correct copy of the '867 patent is attached as Exhibit A.

11.      The design protected by the '867 patent is substantially the same in the eyes of an ordinary observer as the design of S&B's intake elbow for the 2019-2024 RAM 2500/3500 truck with a 6.7 liter Cummins diesel engine.  Images from the '867 patent and of S&B's intake elbow are shown below.

**'867 patent, Fig. 12**                    **S&B**

 

**'867 patent, Fig. 11**                    **S&B**

 

12.    S&B also offers to sell and, on information and belief, sells an intake elbow for the 2007.5-2018 Dodge RAM 2500/3500 truck with a 6.7 liter Cummins diesel engine that is substantially the same in the eyes of an ordinary observer as the design protected by Banks '867 patent, as shown below.

**'867 patent, Fig. 15**                    **S&B**





## False Advertising

13.     In addition to, on information and belief, copying products developed by Banks, S&B uses false and misleading performance information to advertise cold air intakes to potential customers that compete with cold air intakes offered by Banks.

14.     For example, S&B currently advertises and sells a cold air intake for a 2019-2024 RAM 2500/3500 truck with a 6.7 liter Cummins diesel engine. For that cold air intake, S&B states on its website, where the product can be purchased, that "[o]ur cold air intake for the RAM 2500/3500 6.7L was engineered to minimize air restriction and flow better than stock." An image of the website is shown below.



15. Banks purchased S&B's cold air intake for a 2019-2024 RAM 2500/3500 truck with a 6.7 liter Cummins diesel engine and tested that intake on a flow bench. Contrary to S&B's advertising, S&B's cold air intake flows 6-9% worse than a stock intake.

16. Airflow performance is, on information and belief, material to a potential purchaser of S&B's cold air intakes, and such a purchaser is likely to be misled by the statement regarding airflow on S&B's website.

17. S&B also advertises the cold air intake for a 2019-2024 RAM 2500/3500 truck with a 6.7 liter Cummins diesel engine on its website, where the product can be purchased, by linking to what it asserts is test data showing that its cold air intake flows 40.63% better than stock. An image of the linked test data is shown below.

| Description | % S&B Flowed Better than Stock (tested @ 1073 cfm) | Test Conditions | |
|---|---|---|---|
| | | Barometric Pressure | 28.900 |
| S&B Intake w/ Cleanable Filter (Secondary Inlet - Open) | 40.63% | Airflow Setpoint | 1073 SCFM |
| | | Relative Humidity | 28% |
| S&B Intake w/ Cleanable Filter (Secondary Inlet - Closed) | 36.33% | Temperature | 73 F |
| S&B Intake w/ Dry Filter (Secondary Inlet - Open | 41.11% | Type of Dust | A4 Coarse |
| | | Batch # | 14057C |
| S&B Intake w/ Dry Filter (Secondary Inlet - Closed) | 36.72% | Dust Feed Rate (grams/minute) | 30.38 |

18. Based on Banks' testing, the linked test data materially misrepresents the performance of S&B's cold air intake.

19. The linked test data is, on information and belief, material to a potential purchaser of S&B's cold air intakes, and such a purchaser is likely to be misled by the linked test data available on S&B's website.

20. The false information that S&B uses to sell its cold air intakes is likely to cause confusion, mistake, and deception among consumers as to the qualities of S&B's products.

21.     Banks sells a cold air intake for a 2019-2024 RAM 2500/3500 truck with a 6.7 liter Cummins diesel engine that competes with S&B's falsely advertised cold air intake for that truck.

22.     The false information that S&B uses to sell its cold air intakes is likely to divert sales from Banks to S&B.

### COUNT I – PATENT INFRINGEMENT

23.     Banks repeats and re-alleges the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.     S&B's offering for sale and the sale of its intake elbows constitute patent infringement in violation of 35 U.S.C. § 271.

25.     As a direct and proximate result of S&B's infringement, Banks will suffer irreparable harm and monetary damages.

26.     Banks has no adequate remedy at law.

27.     Under 35 U.S.C. §§ 284 and 289, Banks has a right to recover S&B's profits and/or damages sustained by Banks in an amount to be proven at trial.

### COUNT II – FALSE ADVERTISING AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

28.     Banks repeats and re-alleges the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

29.     S&B's use of false statements and data to sell its cold air intakes constitutes false advertising and unfair competition in violation of 15 U.S.C. § 1125(a).

30.     S&B's use of false statements and data to sell its cold air intakes in competition with Banks has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Banks for which Banks has no adequate remedy at law.

31.    On information and belief, S&B's use of false statements and data to sell its cold air intakes has been intentional, willful, and malicious, rendering this case exceptional.

32.    As a direct and proximate result of S&B's actions, Banks has suffered and will continue to suffer irreparable harm, and monetary damages.

33.    Banks is entitled to injunctive relief under 15 U.S.C. § 1116, and Banks has a right to recover S&B's profits, Banks' actual damages, enhanced damages, costs, and reasonable attorney fees under 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Banks prays for judgment against S&B as follows:

A. For a declaration that S&B infringed U.S. Patent No. D1,139,867 in violation of 35 U.S.C. §271;

B. For a declaration that S&B committed false advertising and unfair competition in violation of 15 U.S.C. § 1125(a)(1);

C. For an injunction enjoining S&B and its agents, servants, employees, and all those in active concert or participation with them from infringing U.S. Patent No. D1,139,867;

D. For an injunction enjoining S&B and its agents, servants, employees, and all those in active concert or participation with them from acts of false advertising and unfair competition;

E. For an award of Banks' actual damages, S&B's profits, and/or any other monetary relief available under 35 U.S.C. §§ 284 and 289;

F. For an award of Banks' actual damages, S&B's profits, and/or any other monetary relief available under 15 U.S.C. § 1117;

G. For an award of enhanced damages under 15 U.S.C. § 1117;

H. For an award of Banks' costs of suit and reasonable attorneys' fees; and

I. For such other and further relief as the Court deems just and proper.

ORBIT IP, LLP

Dated:  August 12, 2026

By:  _/s/   Bruce G. Chapman_
         Bruce G. Chapman

Attorneys for Plaintiff
GALE BANKS ENGINEERING

**DEMAND FOR JURY TRIAL**

Plaintiff Gale Banks Engineering, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  August 12, 2026          ORBIT IP, LLP

By:     */s/  Bruce G. Chapman*
         Bruce G. Chapman

Attorneys for Plaintiff
GALE BANKS ENGINEERING

COMPLAINT
10